**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JAMES MULDOON, | |
| Plaintiff, | CIVIL ACTION NO. 1:25-CV-01181 |
| v. | (MEHALCHICK, J.) |
| PENN STATE HEALTH, et al., | |
| Defendants. | |

## <u>MEMORANDUM</u>

Before the Court is the motion for leave to file an amicus brief filed by Defendants Penn State Health, the Board of Directors of Penn State Health, and the Penn State Health Retirement Management Committee (collectively, "Defendants"). (Doc. 17). The proposed amicus brief (Doc. 19-2) is by Stable Value Investment Association ("SVIA"), an organization representing individuals and entities who manage stable value ("SV") retirement accounts and is in support of Defendants' pending motion to dismiss. (Doc. 12). Defendants also filed a brief in support of their motion for leave in which they argue that the Court should consider SVIA's amicus brief because Plaintiff James Muldoon ("Muldoon") asserts claims under the Employment Retirement Income Security Act ("ERISA") and SVIA, as "[a] leading authority on retirement savings," presents a valuable perspective which will be useful to the Court while it evaluates the ERISA claims in this case. (Doc. 19, at 3-9). Muldoon opposes Defendants' motion for leave to file an amicus brief arguing: 1) SVIA does not have a special interest in this particular case, 2) Defendants are represented by competent counsel, 3) the amicus brief provides unhelpful information, 4) SVIA is far from impartial to the outcome of this case, and 5) SVIA's brief adds twenty-two pages of arguments to Defendants' briefing which is unfair

to Muldoon. (Doc. 21, at 10-18).

Under Federal Rule of Civil Procedure 29, nonparties may file amicus briefs with leave of the Court. While "there is no statute, rule or controlling case law regarding a district court's power to accept the filing of amicus briefs, courts in this circuit have determined that it is a matter within the district court's discretion." *Behar v. Pennsylvania Dep't of Transp.*, 791 F. Supp. 2d 383, 389 n.1 (M.D. Pa. 2011). District courts exercising their discretion to accept amicus briefs generally consider whether "1) the petitioner has a 'special interest' in the particular case; (2) the petitioner's interest is not represented competently or at all in the case; (3) the proffered information is timely and useful; and (4) the petitioner is not partial to a particular outcome in the case." *Liberty Res., Inc. v. Philadelphia Hous. Auth.*, 395 F. Supp. 2d 206, 209 (E.D. Pa. 2005) (citing *Sciotto v. Marple Newtown Sch. Dist.*, 70 F. Supp. 2d 553, 555 (E.D. Pa. 1999)); *see Dobson Mills Apartments, L.P. v. City of Philadelphia*, No. 21-CV-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022) (listing the aforementioned factors).

Beginning with the first factor, SVIA's special interest in this case, SVIA represents in its proposed amicus brief that as an organization whose "members collectively manage more than $800 billion in SV products offered in more than 244,000 defined contribution plans," it has an interest in providing context "about retirement-plan management, the wealth and diversity of SV options for retirement-plan lineups, and how this case fits within the broader litigation landscape challenging ERISA fiduciaries' investment decisions." (Doc. 19-2, at 7-8). A nonparty has a special interest in a particular case where it has a "practical stake in the resolution of the cause of action." *In re Revlimid & Thalomid Purchaser Antitrust Litig.*, No. 19-CV-07532, 2026 WL 765641, at *11 (D.N.J. Mar. 18, 2026). District courts exercising their discretion have reached different conclusions regarding whether groups whose members have

2

a general interest in the subject matter of litigation have a "special interest" in the litigation. *Compare Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (E.D. Pa. 2005) (finding that an advocacy group for non-disabled public housing residents had a special interest in a disability action regarding public housing) *and Behar*, 791 F. Supp. 2d at 389 n.1 (considering the amicus brief of various physician groups when evaluating a challenge to Pennsylvania regulations governing physicians); *with Dobson Mills Apartments, L.P. v. City of Philadelphia*, No. 21-CV-273, 2022 WL 558348, at *1 (E.D. Pa. Feb. 23, 2022) (finding that trade groups whose members have a general interest in litigation do not have a "special interest"); *and Panzer v. Verde Energy USA, Inc.*, No. CV 19-3598, 2021 WL 2186422, at *1 (E.D. Pa. May 27, 2021) (finding a public interest law firm's general interest in arbitration issues did not constitute a "special interest"). These cases are all nonbinding on the Court and the Court ultimately has discretion as to what it finds to constitute a special interest. *See In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005) (nonprecedential) (stating "a district court's decision to accept or reject an amicus filing is entirely within the court's discretion"). This case involves a challenge to Defendants' administration of retirement plans and whether Defendants violated ERISA in their alleged mismanagement of Muldoon and all other similarly situated individuals' plans. (Doc. 1, ¶¶ 1-23). SVIA represents that its members administer thousands of retirement plans, and as such, the Court finds that SVIA and its members have an interest in ERISA class-action litigation regarding retirement plans. (Doc. 19-2, at 7). Accordingly, the Court finds that the first factor governing accepting amicus briefs weighs in favor of accepting the brief.

Muldoon avers that the second factor, whether the SVIA's interest is represented in this case, weighs against accepting SVIA's amicus brief because "there is little question that

3

Defendants' counsel does not require the assistance of mercenaries from SVIA." (Doc. 21, at 13). Muldoon confuses the inquiry. The relevant question is whether SVIA's interests are represented in this matter, not Defendants' interests. *See Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (noting that the second factor relates to whether the "petitioner" seeking to file an amicus brief's interests are represented). The Court acknowledges that Defendants' position and SVIA's position in this matter overlap. *Compare* (Doc. 19-2) (advocating dismissal) *with* (Doc. 13) (advocating the same). However, in modern litigation, amicus briefs often align with either the plaintiffs or defendants and amicus briefs have benefited litigants on both sides. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (noting that the concept of courts only considering impartial amicus briefs is outdated). The Court also acknowledges that Defendants have competent counsel, however, "[e]ven when a party is very well represented, an amicus may provide important assistance to the court." *Neonatology Assocs., P.A.*, 293 F.3d at 132. While Defendants and SVIA may have overlapping interests, SVIA is its own entity without representation in this matter, and thus, the Court finds that the second factor weighs slightly in favor of accepting the brief.

Muldoon next contends that the third factor, whether the proffered information is timely and useful, weighs against accepting the brief because SVIA makes the similar arguments to Defendants. (Doc. 21, at 15-16). Muldoon also argues that the brief provides no useful information because, in Muldoon's view, SVIA relies on nonprecedential and distinguishable caselaw. (Doc. 21, at 15-16). The Court disagrees with Muldoon's evaluation of usefulness. First, the Court will consider whether SVIA's legal arguments are correct when it considers the merits of Defendants' motion to dismiss and it would be premature to reach any legal conclusions before fully evaluating Defendants' motion and all the briefing. Second,

in addition to providing a legal analysis, SVIA provides an analysis regarding how allowing ERISA actions to proceed, like the one at issues, affects nonparties, like SVIA's members, who manage retirement plans. (Doc. 19-2, at 26-27). While, at this juncture, the Court will not assess, one way or the other, whether this information should affect the Court's eventual legal conclusions regarding whether Muldoon's ERISA claims should be dismissed, information about how a court's decision may affect nonparties is useful information for the Court to have. *See Liberty Res., Inc.*, 395 F. Supp. 2d at 209 (finding that information "concerning the rights of nonparties who are affected by [the] litigation" is useful). Finally, the Court also assesses the timeliness of the proposed amicus brief when evaluating the third factor. *See Liberty Res., Inc.*, 395 F. Supp. 2d at 209. SVIA's brief, filed before Muldoon had to respond to Defendants' motion to dismiss, is timely. (Doc. 12; Doc. 19-2). The third factor weighs in favor of accepting the brief.

Muldoon contends that the final factor, Muldoon's impartiality, weighs against accepting the amicus brief because SVIA and Defendants' interests are aligned. (Doc. 21, at 16-18). SVIA and Defendants both advocate for dismissal of Muldoon's EISA claims, and thus, the fourth factor weighs against accepting SVIA's brief. (Doc. 13, at 50; Doc. 19-2, at 28). However, viewing this final factor as dispositive would run counter to the general principle, as articulated by the Third Circuit, that amicus briefs in modern litigation no longer need to be impartial. *See Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d at 131. Overall, the factors governing district courts' discretionary decisions to accept amicus briefs weigh in favor of admission.[1] *See Liberty Res., Inc.*, 395 F. Supp. 2d at 209.

---

[1] Regarding Muldoon's final argument, that he is prejudiced by additional briefing supporting Defendants' position, the Court **GRANTS** Muldoon fourteen days to file a reply to SVIA's amicus brief if he so chooses. (Doc. 21, at 18).

For the forgoing reasons, Defendants' motion for leave to file an amicus brief (Doc. 17) is **GRANTED** and SVIA's brief is deemed **ACCEPTED**. (Doc. 19-2). The Court **GRANTS** Muldoon 14 days, or until Tuesday, August 11, 2026, to file a reply to SVIA's brief if he so chooses.

**BY THE COURT:**

**Dated: July 28, 2026**          /s/ *Karoline Mehalchick*
                                  **KAROLINE MEHALCHICK**
                                  **United States District Judge**

6